Our next case for argument today is McHugh v. Illinois Department of Transportation and others, appeal number 21-3397. And we will hear first from Mr. Deepa Squally. Good morning, Your Honors, and may it please the Court. My name is Joseph Deepa Squally, and I represent the Plaintiff Appellant, Zenon McHugh. District Court's dismissal of Plaintiff's Ethics Act claim against IDOT with prejudice based on the Eleventh Amendment should be vacated, and the case should be remanded for entry of dismissal without prejudice for lack of jurisdiction, because the District Court abused its discretion by retaining jurisdiction over the Plaintiff's state law claim after dismissing all of his federal claims, and because no factors weigh in favor of a federal decision on the state claim. Going to those factors, the general rule under Wright v. Associated Insurance Companies is that a District Court should relinquish jurisdiction over a pendent state law claim when all federal claims are dismissed before trial, and that's for two reasons. One is to avoid the preclusive effect of resolving them on the merits, and secondly, to minimize federal intrusion on state law. So it's pretty well established. You would agree that this is a question for the District Court's discretion? The question of whether to exercise supplemental jurisdiction is discretionary. So can you point us to any of our cases in which we have found that a District Court actually abused its discretion by deciding a supplemental jurisdiction claim? The Wright case specifically reversed and remanded to the state courts. The state courts exercised supplemental jurisdiction on state law claims. I don't believe the court used the term abuse of discretion in that decision, but the effect is the same that we're asking for in this case. Any since then? None that I know of specifically, Your Honor. Okay, thanks. Now, the Wright case identified factors that need to be balanced in making this decision, including judicial economy, convenience, fairness, and comedy. None of those factors weigh in favor of retaining supplemental jurisdiction in this case. The Wright courts noted that there are unusual cases where exercising supplemental jurisdiction over a state law claim may be warranted. The first that they mentioned is the case where the statute of limitations has run. That's not the case here. The federal case was filed within two years as required under state law, and plaintiff would have one year to refile his case after a jurisdictional dismissal by a federal court. The second unusual case that was identified by the Wright court was whether substantial judicial resources had been committed to the case in resolving the state law claims. And while the district court did devote substantial resources and time to disposing of the federal claims on summary judgment in this case, it did not do so with regards to the state law claim. In fact, it was a matter of one paragraph and five sentences dismissing the state law claim based on the 11th Amendment, and it did not reach any of the non-jurisdictional merits of that claim. And the third example is where it's absolutely clear how claims should be decided. And the examples they gave were resolving federal, in the circumstance where resolving the federal claim is dispositive of the state law claims. So if, for example, federal claim elements 1, 2, 3, and 4, they determined that element 3 was not met in the federal claim and the state had an identical element that it met, that would be appropriate for dismissal. Or the other example given is where the state law claims are frivolous. The parties devoted pages of briefing on this issue of the state law claim, and it is distinct from the federal claims which question whether a plaintiff was given the process due to him under the 14th Amendment in Section 1983 versus the state law claim, which focuses on what the basis of the decision to terminate was. The question of process versus... But if the 11th Amendment here applies to the defendant, doesn't that deprive the court of jurisdiction so we don't even need to get to whether or not the court should have undertaken or whether it abused its discretion in determining the supplemental claims? Our position is that whether to reach that question of whether the 11th Amendment deprived the federal court of jurisdiction, that would need to be assessed after the court determines whether to look at the supplemental jurisdiction analysis. Isn't that backwards? Wouldn't we want to determine first whether or not the court has jurisdiction to hear the state law claims based on the 11th Amendment? I know it's not a true subject matter jurisdiction, but it is jurisdictional in the sense of immunity. It's in a penumbra. Yes. A jurisdictional penumbra. And our position is that in determining that the court lacks jurisdiction because of the 11th Amendments, other decisions by this court have noted that this is a decision on the merits, and therefore with prejudice. It was the Mutter versus Rodriguez opinion that addressed that. So in a sense, our position is that by reaching that 11th Amendment question, you are necessarily going to the merits and necessarily deciding whether it's a dismissal of prejudice. So what's he supposed to do? So what should he have done? The court should have looked to determine whether supplemental jurisdiction was appropriate. And you did file in federal court originally, right? That's correct. And you did ask the district court to decide this claim, correct? That's correct. And there couldn't have been any surprise about the 11th Amendment defense? That was raised in defendant's answer. There was no motion to dismiss filed on that issue. This first came before the court for a decision at summary judgment. Unless your honors have any additional questions, I'll reserve the remainder of my time for rebuttal. Okay. Thank you very much, Mr. DiPasquale. Ms. Godley for defendants. Good morning. May it please the court. Assistant Attorney General Anna Godley for appellees. This court should affirm the judgment for the Illinois Department of Transportation for two reasons. First, Mr. McHugh has forfeited both any challenge that the ruling here that the state ethics claim is barred by the 11th Amendment and the argument that the district court should have declined to exercise jurisdiction over that claim. And second, the district court did not abuse its discretion to the extent it exercised discretion in retaining jurisdiction when it decided the 11th Amendment, when it decided that the 11th Amendment bars the state ethics claim. First, on forfeiture, Mr. McHugh has forfeited two critical issues here. He first does not, still on this appeal, make any argument that the 11th Amendment doesn't apply or that any exception to the 11th Amendment applies, and therefore this court should leave that part of the judgment intact. And second, Mr. McHugh also did not argue that the district court should have relinquished jurisdiction until his Rule 59 motion, and that is too late, and therefore he has forfeited that argument as well. And second, aside from forfeiture, the district court did not abuse its discretion to the extent it retained jurisdiction under 1367C when it ruled that the 11th Amendment bars the state ethics claim. A district court is the power. Why is a dismissal with prejudice on that claim appropriate? If the 11th Amendment applies, then the court doesn't have jurisdiction to decide the state law claim in federal court. So why would a with prejudice dismissal be appropriate as opposed to a without prejudice? Your Honor, that's a great question, and this is frankly an open question, both at this court and in other circuits. This court has said both that an 11th Amendment dismissal is jurisdictional and that it is not strictly jurisdictional, and there isn't precedent to say that it must be one without prejudice. And what we'd like to point out to this court is this court has only modified a judgment to say that it should be without prejudice when the district court ruled on 11th Amendment grounds. When that plaintiff can pursue that claim in state court, we cite Sorrentino and Feldman in our brief, which are two instances of where the plaintiff had a viable claim in state court. But Mr. McHugh does not have a viable claim in state court here, and that is because of the preclusive effect of the judgment on the federal claims. In a recent Illinois appellate court decision that applied federal common law, wouldn't that be something, though, that something not for the court to determine but for a state court to determine? I understand your argument that he wouldn't succeed if he brought this state law claim in state court, but why isn't that really a merits determination for the state court to decide? It could be, but in this particular case, there's just really nothing to refile in state court, and therefore, the judgment shouldn't be disturbed for that reason. Again, the only times this court has modified a judgment to be without prejudice, so a plaintiff can refile, is when there was a viable claim in state court. This is just not such a case under the federal common law, given the preclusive effect of the judgment, as well as the recent Illinois appellate court decision in C v. Illinois Gaming Board, which applied the federal common law and told us that C is an important case because it illustrates exactly what would happen if Mr. McHugh were to refile. What would happen is the court would grant a motion to dismiss. There is no claim to be pursued in state court. What if he wants to argue that C is wrong? This issue came up at the Rule 59 stage, and at that point and on appeal, Mr. McHugh does not make any arguments to distinguish it. No, I'm talking about going back to state court, which ordinarily we would think would be the remedy in this situation. A state trial court looks at C v. Illinois Gaming and either follows it or doesn't, but eventually somebody says to the Illinois Supreme Court, the federal courts have this very ambiguous approach to the 11th Amendment. Is it jurisdictional? Is it not? We think it should not be treated as preclusive. It's not merit, so let us go ahead. The Illinois appellate court was wrong in C v. Illinois Gaming. Again, I'd like to draw this back to this particular case. The district court spent four years litigating the claims here. There were many depositions taken, substantial resources were expanded, and there just isn't anything to say. I understand that, but there was no decision on the merits of his state law claim. I have no idea whether there's any merit to it or not. Certainly, the district judge didn't tell us anything about that. Rather than focusing just on the specifics of the history here, why would it be inappropriate for somebody to argue in state court that C v. Illinois Gaming Board was wrong and we ought to be able to pursue this claim? I would just like to point out that Mr. McHugh actually isn't arguing that at this stage. Not yet. I'm asking you. That is an avenue that the court can take, but this is not the case to make the determination that this is definitely a jurisdictional dismissal because this court hasn't ruled as such in other cases, and this is just not the right vehicle to make a broad determination like that. What if we were just to modify the judgment to be a dismissal under the 11th Amendment, full stop? That is essentially what the district court did. Deleting the words with prejudice. Actually, if Your Honor looks at the record, the district court never uses the words with prejudice. It just enters a judgment on this claim. It's presumed with prejudice then under our case law. That's correct. In effect, it is with prejudice. Correct. If Mr. McHugh had wanted to take that judgment to refile in state court at some point to argue that this was a jurisdictional defense, which is what the plaintiff in C did, he was free to do so. He didn't argue it was a with prejudice dismissal, so he couldn't pursue it there. Your Honor, the thing is that I don't think we would necessarily even need to argue that it was a with prejudice dismissal given the robust body of case law on the preclusive effect of a federal judgment like this one. In C, the court wasn't looking to see whether the 11th Amendment dismissal was with prejudice, without prejudice, whether it was jurisdictional, but rather the court there focused on the fact that the district board went all the way to summary judgment on the federal law claims. But IDOT wasn't named in any of the federal law claims, if I recall. I'm sorry? IDOT wasn't named in any of the federal law claims, was it? No, but the way the complaint is drafted, when Mr. McHugh pled his claim against IDOT, it only spoke to the named defendants as the agents that acted in this alleged violation of the State Ethics Act. I'm trying to understand. Are you arguing there is an issue preclusion from the decision on the federal claims that would defeat the Ethics Act claim on the merits? In state court, yes, Your Honor. A claim preclusion issue. No. And that's my question. Issue preclusion. Okay. Let's assume for the moment that an 11th Amendment dismissal is without prejudice, okay? Were there issues decided by Judge Koukouras that on the federal claims, as to which he clearly had jurisdiction, that would defeat the State Ethics Act claim on the merits? It's really under the Doctrine of Claim Preclusion under claim splitting. It's not issue preclusion, although there are very similar elements to that. Okay. So in your view, he should have filed two lawsuits? No, Your Honor. He should have filed one lawsuit in the forum that has the broadest jurisdiction. Why not just file two lawsuits? He's entitled to a federal forum for his federal claims, right? The way the law of the claim splitting doctrine works is the courts have told us that it should be pursued in the court of broadest jurisdiction rather than filing two suits. So what he should have done is filed his entire court in state court. And deny him so he can't have a federal forum unless you guys remove. I don't think the law says that when there's a case that 11th Amendment immunity might apply. In general cases where there's supplemental jurisdiction and there are mixed federal and state claims, that might be true. But I don't think our law says anything. If you want to bring a state claim but there's 11th Amendment immunity, that principle still applies. That is how the Illinois court NC had interpreted federal common law. And I see that I'm almost out of time. Well, we're asking you questions. You can stay there. So I'm happy to move on to address the abuse of discretion or answer any further questions about the claim preclusion issue. Okay. Just take a moment on abuse of discretion and we'll give Mr. DePasquale some extra time. So just to I guess wrap up the jurisdictional issue. This is not the right case to decide which type of dismissal on 11th Amendment is because Mr. McHugh cannot pursue this claim further in state court. But really briefly on the abuse of discretion, the court here to the extent of exercise jurisdiction. It properly founds the four factors. All four factors way in favor of this claim being heard in the same forum. And therefore, the court properly dismissed and her judgment for the only Department of Transportation. Thank you very much. Okay. Thank you. Miss Godly. Mr. DePasquale rebuttal. How much time do you have? Okay. We'll give you the time you need here. Thank you, Your Honors. And may it please the court. On this issue of claim preclusion, which is what defendants argued in their response brief. The C case was not a case where the district courts even looked at whether to dismiss without prejudice for lack of jurisdiction versus 11th Amendment dismissal with prejudice, which is what that last one. The 11th Amendment 11th Amendment dismissal with prejudice is what the district court did in the C case. If the court grants the relief requested by plaintiff in this case, then the exception to the rule against claims split splitting would apply where the court in the first action expressly reserves plaintiff's right to maintain second action by dismissing it without prejudice specifically in the order. And again, this is what Mr. McHugh is requesting in this appeal that the decision be vacated and that dismissal without prejudice for lack of jurisdiction be entered. Do you think C against Illinois gaming is correct? No, I believe that they did not address. The C court did not address this exception that I just mentioned where the court expressly reserves the plaintiff's right to maintain a second action by including the words without prejudice. That was not addressed by the C court. So to the extent maybe it was not brought up in arguments in that case. But if we were in a situation where we brought a second case in state courts and the question arose of whether or not C is correct, we would argue C doesn't apply because. Hopefully we've received a new order in this case dismissing that state law claim without prejudice. So why didn't you follow the approach that C recommends which is file in state court? That would not have served judicial economy. Why not? We would have had. We wouldn't be here. We would have had parallel discovery going on in the two cases. No, just file one case in state court. That's what C says you should have done, right? The federal claims we felt were best addressed in a federal court due to familiarity with the claims that issue 1983 and the 14th Amendment. That was a strategic decision. Over to defendants point that this is creating duplication of efforts. It's not if and when this case is brought in state court as a second action. There's nothing preventing defendants from filing a motion for summary judgment based on the evidence obtained in discovery in the federal matter already. Does the Illinois state statute allow claims against individual defendants as opposed to the state agency or the state itself? The Ethics Act, does that allow claims against individuals? Yes. But you've already sued the relevant individuals in federal court, correct? Yes. And the 11th Amendment would or would not have barred claims against them individually in federal court? It would not have. So those claims would then be precluded because you could have brought them in federal court, right? As to the individual defendants, yes. So they're out. The only claim we would be able to bring in state court would be against IDOTS, the agency. My time has expired. Unless the court has any additional questions, thank you for your time. Well, I have to say I was a little taken aback when I saw you say in your brief that deciding a motion for summary judgment does not involve substantial judicial resources. And I wonder whether any court has agreed with that position. Not that I can state. I don't think I would. I would never argue that before the district court if I were you. Certainly. Okay. Thank you very much. Our thanks to both counsel. The case is taken under advisement. That concludes our arguments for today. The sixth case for today, just for the record, Palos Ponce against Attorney General Garland, number 22-1354, will be submitted on the briefs pursuant to both sides' waiver of oral argument in that case. And with that, court will be in recess until tomorrow.